OPINION
Defendant/Appellant, Joseph Vanover appeals the judgment of the Auglaize County Municipal Court finding him guilty of one count of hunting without permission, a violation of R.C.1533.17, and one count of deterring or interfering with a wildlife officer, a violation of R.C. 1533.67. We affirm the court's judgment.
On October 26, 1996, at approximately 7:30 a.m. Vanover and a friend, Randy Longsworth were hunting on private property south of St. Johns, Auglaize County, Ohio. At that same time an officer for the Ohio Division of Wildlife was patrolling the property. As the officer drove his marked vehicle through the property he observed two hunters, later identified as Vanover and Longsworth, walking on a path carrying guns. When the officer saw the men, he testified that they jumped into brush near the path. The officer approached the area where the men jumped into the brush, but he could not locate the hunters. The officer testified that he was apprehensive about two armed men apparently hiding from him. He stayed in his vehicle and proceeded further down the path.
At the end of the path the officer saw a parked truck registered to Vanover. The officer exited his vehicle, and after using his binoculars, located the two men walking through a weed field. The officer recognized one hunter as Vanover. The officer testified that when the hunters saw him watching them through his binoculars, they hid in the weed field. The officer drove to the weed field, stopped his vehicle, and yelled for Vanover four or five times. When the men did not reappear, the officer drove his vehicle through the weed field to flush the men out. After unsuccessfully searching for the men, the officer returned to the area where Vanover parked his truck, but it was no longer there.
Later that morning the officer went to the home of Debra Bailey, the property owner's daughter. Frequently, she gave written permission to persons to hunt on the property. She told the officer that Vanover had come to her house between 9:00 a.m. and 10:30 a.m., requesting written permission to hunt geese on the property. Vanover had obtained written permission in prior years, and had obtained permission to hunt groundhogs earlier in the spring of 1996 from Ms. Bailey. This, however, was the first time Vanover had written permission to hunt on the property since the new hunting season began on September 1, 1996.
On November 18, 1996, the officer, after speaking with Vanover at his home, cited Vanover for hunting without permission, and deterring or interfering with a wildlife officer. The officer testified that Vanover admitted hiding from the officer to avoid being "hassled." Vanover, however, disputed this statement at trial.
A bench trial occurred on May 19, 1997, with a judgment of conviction on both charges entered on July 2, 1997. The court sentenced Vanover to a $25 fine for hunting without permission, and a $100 fine plus a two-year suspension from all hunting, fishing, and trapping for the second offense. It is from this judgment and sentence that Vanover appeals to this court.
Before we address Vanover's assigned errors, we will review our standard of review for this action.
 "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." (citation omitted.) State v. Jenks(1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
 Assignment of Error No. 1
The court erred in finding the defendant guilty of hunting without written permission as required by Section 1533.17 ORC.
R.C. 1533.17 provides that:
 "No person shall hunt or trap upon any lands * * * a wild bird, wild waterfowl, or wild animal thereon without obtaining written permission from the owner or his authorized agent."
The testimony before the trial court was undisputed. Vanover did not have written permission to hunt on the Bailey property on October 26, 1996 prior to 9:00 a.m. The Ohio Department of Wildlife prepares written permits for landowners. These permits are completed by the landowner, and provided to hunters as written permission to hunt on a specified parcel of land. The landowner can allow a person to hunt on their property for as little as one day or up to the remainder of the current hunting season with one written permit. A hunting season runs from the first of September to the last day of August of the next year.
On October 26, 1996, between 9:00 a.m. and 10:30 a.m. Vanover obtained written permission to hunt on the property. The wildlife officer observed Vanover hunting at 7:30 a.m. Vanover admitted that he did not have written permission to hunt on the property on October 26, 1996, prior to 9:00 a.m., when he sought permission from Ms. Bailey.
Any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Therefore, Vanover's first assigned error is overruled.
Assignment of Error No. 2
 The court erred in finding the defendant guilty of violating 1533.67 of the Ohio Revised Code in the deterring of a wildlife officer.
R.C. 1533.17 states in pertinent part that:
 "No person shall interfere with, threaten, abuse, assault, resist, or in any manner deter or attempt to deter a wildlife officer * * * from carrying into effect any law * * * governing the taking, possession, protection, preservation, or propagation of wild animals * * *, any law pertaining to the wearing or exhibiting of any license or permit * * *, or regulating hunting or trapping on the lands of another."
The General Assembly did not define the terms "interfere with, threaten, abuse, assault, resist, or * * * deter" for purposes of R.C. 1533.17. We will, therefore, use the plain meaning of these words with a focus on the meanings of "interfere" and "deter."
Interfere means "[t]o come between so as to be a hinderance or obstacle; impede." The American Heritage Dictionary, 2d Ed. (1985), 669. Deter means "[t]o prevent or discourage from acting, as by means of fear or doubt." Id. at 387.
Viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Vanover and his hunting partner jumped into the brush to avoid the "hassle" from the officer approaching his marked vehicle. The officer testified that he was apprehensive about pursuing the men into the brush, knowing that they were armed.
Clearly, Vanover interfered with the officer's ability to carry into effect any law governing the taking of wild animals, any law pertaining to the wearing or exhibiting of any license or permit, or the regulation of hunting or trapping on the lands of another. By avoiding the officer, Vanover impeded the officer from checking the hunter's game pouch, his license, the presence of duck stamps, the presence of the proper gun plug, and the presence of the proper ammunition.
Additionally, construing the evidence in a light most favorable to the prosecution, the officer's testimony that he initially felt apprehensive about pursuing two armed men into brush is evidence that Vanover deterred the officer from acting through fear.
Any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Therefore, Vanover's second assigned error is overruled.
Judgment affirmed.
EVANS and BRYANT, JJ., concur.